**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-1076**

———————

ABAKAR ALI MBODOU,

              Petitioner,

        v.

MICHAEL B. MUKASEY, United States Attorney General,

              Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.

———————

Submitted:  August 18, 2008          Decided:  August 28, 2008

———————

Before WILLIAMS, Chief Judge, and MOTZ and KING, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Peter T. Ndikum, IMMIGRATION ASSISTANCE CENTER, Silver Spring,
Maryland, for Petitioner.  Gregory G. Katsas, Acting Assistant
Attorney General, Barry J. Pettinato, Assistant Director, Carmel A.
Morgan, Trial Attorney, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Abakar Ali Mbodou, a native and citizen of Chad, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order finding him removable and denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[*] Ali Mbodou challenges the immigration judge's adverse credibility finding, as affirmed by the Board. For the reasons set forth below, we deny the petition for review.

We will uphold an adverse credibility determination if it is supported by substantial evidence, see Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006), and reverse the Board's decision "only if the evidence presented . . . was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

Having reviewed the administrative record and the Board's decision, we find that substantial evidence supports the immigration judge's adverse credibility finding, as affirmed by the Board, and the ruling that Ali Mbodou failed to establish past persecution or a well-founded fear of future persecution as

---

[*]Because Ali Mbodou did not challenge the denial of relief under the CAT in his brief, the claim is not preserved for review. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

necessary to establish eligibility for asylum.  See 8 U.S.C. § 1158(b)(1)(B)(i), (ii) (2006) (providing that the burden of proof is on the alien to establish eligibility for asylum); 8 C.F.R. § 1208.13(a) (2008) (same).  Because the record does not compel a different result, we will not disturb the Board's denial of Ali Mbodou's application for asylum.  Moreover, as Ali Mbodou cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal.  Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal.").

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

3